FILED
2021 JUN 4 PM 12:06
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VICTORIA L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 1:20-cv-00029-JNP-DBP <br><br> Judge Jill N. Parrish |

Before the court is plaintiff Victoria L.'s objection to the Report and Recommendation issued by Judge Pead. The court overrules Victoria L.'s objection and adopts the Report and Recommendation.

## BACKGROUND

Alleging that she could no longer work due to various chronic conditions, Victoria L. applied for disability benefits from the Social Security Administration. After her claim was denied, she requested a hearing before an Administrative Law Judge (ALJ). The ALJ considered numerous medical records and written opinions regarding Victoria L.'s ability to work, including records and reports authored by Dr. Eliason, who was treating her Crohn's disease. In an October 2015 medical record, Dr. Eliason opined that Victoria L.'s Crohn's disease was not being controlled well by the medication she was taking. Dr. Eliason prescribed a new medication. In a letter dated March 19, 2018, Dr. Eliason stated that Victoria L. was doing much better and that her Crohn's disease was "fairly well controlled at this time." Dr. Eliason's letter also contained generic statements about patients with Crohn's disease followed by an assessment of Victoria L.'s possible future work limitations:

> When patients are doing well, they can typically perform all responsibilities work [sic] including lifting, carrying, sitting, standing, and walking in a work setting. However, if their disease is not well controlled or they're having an exacerbation they may not be able to do any of the aforementioned responsibilities. Some patients with Crohn's disease will miss 1-3 days of work per month due to symptoms of the disease, particularly if the disease is not well controlled. If the disease is well controlled, patients can go months without missing any work. My impression is that [Victoria L.'s] disease is fairly well controlled at this time. . . . In summary, [Victoria L.] may miss on average 1-3 days per month of work, however if she is having an exacerbation of her Crohn's could [sic] mis up to 1-2 weeks.

After considering Victoria L.'s testimony and multiple medical opinions, the ALJ determined that she could, with some restrictions, work full time. In evaluating Dr. Eliason's letter, the ALJ stated:

> Gastroenterologist, Eric G. Eliason, D.O., opined the claimant might miss on average 1-3 days per month of work due to her Crohn's disease and when having an exacerbation could miss 1-2 weeks. The undersigned gives some weight to the opinion of Dr. Eliason, as it was based on his treating relationship with the claimant; however, his opinion is speculative and inconsistent with the letter which it was contained [sic] that noted the claimant's condition was doing much better after a previous hospitalization.

Accordingly, the ALJ determined that Victoria L. was not disabled with the meaning of the Social Security Act and denied her application for disability benefits.

Victoria L. filed a petition for review with this court, which referred the case to Magistrate Judge Pead. Victoria L. argued in her briefing that the ALJ's determination was in error because he failed to give more weight to Dr. Eliason's opinion. Judge Pead issued a Report and Recommendation affirming the ALJ's determination. He reasoned that the ALJ was within his discretion to give only some weight to Dr. Eliason's letter because it was speculative. Victoria L. objected to Judge Pead's Report and Recommendation.

## STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). The substantial evidence

threshold "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). "In reviewing the record to make the substantial evidence determination, [a court] may not reweigh the evidence nor substitute [its] judgment for the [Commissioner's]." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (third alteration in original) (citation omitted).

In reviewing a magistrate judge's Report and Recommendation, the district court "must determine de novo any part of the [report] that has been properly objected to." FED. R. CIV. P. 72(b)(3).

## ANALYSIS

The ALJ found that Victoria L. was capable of working full time. In his Report and Recommendation, Judge Pead concluded that the ALJ's finding was supported by substantial evidence. Victoria L. now raises two objections to the report and recommendation.

First, she argues that a portion of the Report and Recommendation rests on faulty reasoning. The ALJ gave only some weight to Dr. Eliason's opinion because he found it to be speculative and internally inconstant. Judge Pead concluded that the ALJ did not err because "Dr. Eliason described how Crohn's disease could affect 'some people' and stated that Plaintiff 'may' miss days of work or 'could' miss one or two weeks of work 'if' she had an exacerbation." ECF No. 33 at 6. In other words, Dr. Eliason's opinion was not based upon his observations and treatment of Victoria L. Rather Dr. Eliason described in general terms how much work some people with Crohn's disease miss and then opined that Victoria L. "may miss" a similar amount of work. Judge Pead also reasoned that "Plaintiff was hospitalized due to Chron's disease flare-ups for six days over a two-year period; not for 'one to two weeks' as Dr. Eliason speculated." *Id.* Victoria L.

3

criticizes this sentence of the Report and Recommendation, arguing that she missed more days of work than the days on which she was hospitalized. She also argues that she was hospitalized for more than six days during the two-year period.

The court concludes that Victoria L.'s argument is not a sufficient basis to second guess the the ALJ's determination that Dr. Eliason's opinion merited only "some weight." Even if the court were to agree with her criticism of a single sentence found in the Report and Recommendation, the court agrees with Judge Pead's broader contention—that the ALJ did not err by failing to adopt Dr. Eliason's opinion wholesale because it was not based on an individualized assessment of Victoria L.'s condition, which was well managed as of early 2018. In short, Victoria L. has not shown that the ALJ committed an error warranting a remand with further instructions.

Second, Victoria L. argues that the ALJ erred because he cherrypicked evidence supporting his conclusion that she could work and ignored her testimony supporting her contention that her condition prevented her from working. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("The regulations require the ALJ to 'consider all evidence in [the] case record when [he] make[s] a determination or decision whether [claimant is] disabled.' He may not 'pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.'" (alterations in original) (citations omitted)). But Victoria L. never made this argument in her briefing to Judge Pead. She may not raise it for the first time in an objection to the Report and Recommendation. *See Standing Akimbo, LLC v. United States*, 955 F.3d 1146, 1159 (10th Cir. 2020). Moreover, the court concludes that the ALJ acknowledged Victoria L.'s testimony about her symptoms and discussed her medical history at length. The ALJ determined, however, that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."

4

Thus, the ALJ did not selectively exclude Victoria. L.'s testimony from his decision-making process. Nor is he required to discuss every part of her testimony. *See Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) ("The ALJ is not required to 'discuss every piece of evidence.'" (citation omitted)).

## CONCLUSION

The court OVERRULES Victoria L.s objections and ADOPTS IN FULL the Report and Recommendation. Accordingly, the court affirms the final agency decision of the Commissioner of Social Security denying benefits.

**SO ORDERED** June 4, 2021.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge